UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEAL A. HANN, JR.,

        Plaintiff,

v.

NESTLE USA, INC. and
NESTLE DREYER'S ICE
CREAM COMPANY,

        Defendants.

Case No. 13-cv-14616
Honorable Denise Page Hood

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND [Doc. No. 66]

### I.    INTRODUCTION

On May 16, 2016, after the parties argued—but before the Court ruled on—Defendant's Motion for Summary Judgment, Plaintiff filed a Motion to Amend Complaint [#66]. The motion was fully briefed, and the Court conducted a hearing on the motion on July 13, 2016. For the reasons that follow, the Court denies Plaintiff's Motion to Amend Complaint.

### II.    BACKGROUND

The facts of the case are set forth in the Order denying Defendant's Motion for Summary Judgment [#70]. In short, after Plaintiff experienced serious heart issues, including a heart attack and two surgeries, his physician, Dr. Gupta, set weight

1

restrictions on Plaintiff, which restrictions compromised Plaintiff's ability to perform his job as a PSR for Defendant. Plaintiff filed this suit, alleging that Defendant failed to accommodate his disability and terminated Plaintiff for that reason. Defendant has denied that Plaintiff was ever terminated, but Defendant has never reinstated Plaintiff. Defendant claims there has been no reasonable accommodation proposed by Plaintiff. As the Court determined in denying Defendant's Motion for Summary Judgment, there is evidence that Plaintiff has proposed a reasonable accommodation, such that his cause of action survived summary judgment.

On December 31, 2015, after the close of discovery but before Defendant's summary judgment motion was filed, Dr. Gupta indicated that Plaintiff could return to work with no restrictions. Defendant's physician has concluded otherwise, and Defendant provided Dr. Gupta with a questionnaire to ascertain his position on the risks to Plaintiff relative to certain tasks Plaintiff would have to perform if he returned as a PSR for Defendant. Dr. Gupta responded and, according to Defendant, "clearly concedes *some* potential risk to Plaintiff in resuming his employment with Defendants." Defendant states that the parties are at an impasse because there has not been a determination as to Plaintiff's ability to safely resume his PSR duties.

Plaintiff now seeks to amend his Complaint to allege that Defendant has discriminated against him in violation of the Michigan Persons With Disabilities Civil

restrictions on Plaintiff, which restrictions compromised Plaintiff's ability to perform his job as a PSR for Defendant. Plaintiff filed this suit, alleging that Defendant failed to accommodate his disability and terminated Plaintiff for that reason. Defendant has denied that Plaintiff was ever terminated, but Defendant has never reinstated Plaintiff. Defendant claims there has been no reasonable accommodation proposed by Plaintiff. As the Court determined in denying Defendant's Motion for Summary Judgment, there is evidence that Plaintiff has proposed a reasonable accommodation, such that his cause of action survived summary judgment.

On December 31, 2015, after the close of discovery but before Defendant's summary judgment motion was filed, Dr. Gupta indicated that Plaintiff could return to work with no restrictions. Defendant's physician has concluded otherwise, and Defendant provided Dr. Gupta with a questionnaire to ascertain his position on the risks to Plaintiff relative to certain tasks Plaintiff would have to perform if he returned as a PSR for Defendant. Dr. Gupta responded and, according to Defendant, "clearly concedes *some* potential risk to Plaintiff in resuming his employment with Defendants." Defendant states that the parties are at an impasse because there has not been a determination as to Plaintiff's ability to safely resume his PSR duties.

Plaintiff now seeks to amend his Complaint to allege that Defendant has discriminated against him in violation of the Michigan Persons With Disabilities Civil

Rights Act ("PWDCRA").

## III. APPLICABLE LAW & ANALYSIS

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the Court. FED. R. CIV. P. 15(a)(2). Defendant does not concur in Plaintiff's motion, so it is within the Court's discretion whether to grant Plaintiff's motion for leave to file an amended complaint. Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

(1) the delay in filing the motion,
(2) the lack of notice to the other party,
(3) bad faith by the moving party,
(4) repeated failure to cure deficiencies by previous amendments,
(5) undue prejudice to the opposing party, and
(6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

**B.	Analysis**

Plaintiff argues that his PWDCRA claim did not materialize until, at the earliest, December 31, 2015. Plaintiff asserts that he acted promptly as his counsel contacted Defendant about his ability to return to work without restrictions on January 4, 2016. Plaintiff states that he waited a reasonable amount of time for Defendant to conduct an independent medical exam, but when Defendant did not act in the two months after having its doctor exam Plaintiff, Plaintiff filed the motion to amend his Complaint.

Plaintiff asserts that his actions demonstrate that he did not delay in filing the motion and that Defendant had notice of the claim at issue. Plaintiff asserts that he has not acted in bad faith or failed to cure any deficiencies related to this claim in any prior amendments. Plaintiff argues that Defendant will not be prejudiced because no new parties will be added and no discovery is needed; only an answer to the First Amended Complaint is required. Plaintiff also contends judicial economy would be served because if the amendment is not permitted in this action, Plaintiff will simply file a new cause of action. Finally, Plaintiff offers the conclusory statement that "[t]he amendments made would not be futile, because there is a clear violation of the" PWDCRA.

Defendant argues that Plaintiff's proposed amendment is futile as a matter of

law. The Court previously held that Plaintiff does not have a viable PWDCRA claim. *See* Case No. 13-11934 (the "934 case") (holding that Plaintiff is not a "qualified individual" under the PWDCRA as a matter of law). Defendant contends that Plaintiff's amendment seeks to add a "perceived as" claim under the PWDCRA based on Defendant's belief that Plaintiff is disabled. Defendant argues that if Plaintiff had no viable claim based on an actual disability, he cannot have a claim based on a "perceived as" disabled theory. The Court agrees.

In Michigan, courts have concluded that a "perceived as" claim is not treated any more favorably than a claim relying on an actual disability. *See Chiles v. Mach. Shop, Inc.*, 238 Mich.App. 462, 475-76 (1999) ("a plaintiff must still prove that the employer perceived that the employee was actually "disabled" within the meaning of the statute"). In dismissing the complaint in the 934 case, the Court determined that Plaintiff's complaint was not legally cognizable because Plaintiff could not demonstrate that his alleged lifting/pushing/pulling limitations constituted a disability as defined under the PWDCRA. (*See* Dkt. No. 16, PgID 92-95) Specifically, the Court held that Plaintiff could not *legally* demonstrate that his physical impairment "substantially limits a major life activity" in order to constitute a disability within the meaning of the Act. (*Id.* at 94-95).

Plaintiff argues that the situations are entirely different because the ruling in the

5

934 case addressed whether he was disabled at that time, whereas the issue now is whether Defendant "regards him as having a determinable physical or mental characteristic now." As the Court has already ruled that Plaintiff is not disabled under the PWDCRA based on the same limitations at issue in this case, the Court concludes that the claim based on Defendant perceiving Plaintiff as disabled is futile.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint [# 66] is DENIED.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 31, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager